UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOSEPHINE AMATUCCI

    v.                                                CASE NO. 25-cv-161-SM-TSM

RICHARD M. YOUNG, JR.
CARROLL COUNTY SHERIFF'S DEP'T
CARROLL COUNTY ATTORNEY'S OFFICE

### REPORT AND RECOMMENDATION

Self-represented plaintiff Josephine Amatucci, proceeding in forma pauperis, filed a complaint (Doc. No. 1) against Carroll County (New Hampshire) Deputy Sheriff Richard M. Young, the Carroll County Sheriff's Department, and the Carroll County Attorney's Office. The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### STANDARD OF REVIEW

The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in

plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## BACKGROUND

Mrs. Amatucci's complaint contains few factual allegations. Based on the identity of the defendants and other vague references, however, the court presumes that the complaint is based on the same events that were the subject of two previous lawsuits Mrs. Amatucci brought in this court against the same defendants and based on the same incident. See Amatucci v. Young, Civ. No. 18-1227-SM-SJ (D.N.H. filed Dec. 26, 2018; dismissed June 3, 2024) ("Amatucci I"); Amatucci v. Young, No. 25-cv-10-JL-TSM (D.N.H. filed Dec. 19, 2024; dismissed Apr. 11, 2025) ("Amatucci II").

The events described in Amatucci I and II occurred in the Carroll County Attorney's office. Mrs. Amatucci alleged that she went to the County Attorney's office to dispute what she describes as a "malicious prosecution" undertaken by the Wolfeboro, New Hampshire, Police Chief. Mrs. Amatucci was seated in the waiting room, expecting to provide evidence to the County Attorney's office. She further alleged that Deputy Young "suddenly" appeared after being directed by a county prosecutor to remove Mrs. Amatucci from the premises. According to Mrs. Amatucci, Deputy Young then approached her and grabbed and twisted her arm, causing her great pain. Deputy Young removed Mrs. Amatucci from the building, after which she sought medical

2

attention from her primary care doctor, who directed her to an emergency room. Mrs. Amatucci was given pain medication, and her arm was placed in a sling.

## CLAIMS

The court, giving a liberal construction to her previous complaints, found that Mrs. Amatucci, invoking 42 U.S.C. § 1983, asserted that Deputy Young subjected her to excessive force, in violation of her Fourth Amendment right not to be subjected to an unreasonable seizure by using excessive force against her in an objectively unreasonable manner. Amatucci I, Aug. 19, 2019, Order (Doc. No. 10) at 5; Amatucci II, March 12, 2025 Report and Recommendation (Doc. No. 5) at 2-3. She also asserted that Deputy Young violated her First Amendment right to petition the government for redress of grievances by preventing her from filing a complaint against the Wolfeboro Police Chief. Additionally, she alleged state law claims against Deputy Young for assault, intentional infliction of emotional distress, and false imprisonment. Mrs. Amatucci also claimed that the Carroll County Sheriff's Department is liable for the conduct of Deputy Young underlying the above-described claims, based on a theory of municipal liability, as Deputy Young is a Sheriff's Department policymaker, and his actions, which are alleged to have violated Mrs. Amatucci's rights, constituted official Department policy, practice or custom. It appears that the present complaint invokes the same legal claims as the two previous suits.

## PROCEDURAL HISTORY

In Amatucci I, the court granted defendants' Motion to Dismiss based on Mrs. Amatucci's "repeated failure to comply with her discovery obligations and with her steadfast refusal to accept the fact that she has any discovery obligations at all." Amatucci I, Report and Recommendation (Doc. No. 290) at 1; Dismissal Order (Doc. No. 296). In April 2025, the court dismissed Amatucci

II, based on the res judicata effect of Amatucci I. Amatucci II, Report and Recommendation (Doc. No. 5) at 3-5; Dismissal Order (Doc. No. 9). Mrs. Amatucci did not appeal either of the two dismissals to the First Circuit Court of Appeals.

## DISCUSSION

### I.  Claim Preclusion/Res Judicata

This is the third case Mrs. Amatucci brought based on the incident at the Carroll County Attorney's office in September 2018. This case is, in all relevant respects, identical to the two the court previously dismissed. The doctrine of claim preclusion, sometimes called res judicata, precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted). The doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). Mrs. Amatucci asserts that claim preclusion does not apply because the court did not issue a final judgment on her federal constitutional claims in either Amatucci I or Amatucci II. Compl. (Doc. No. 1) ¶ 11. This is not correct. As previously noted, Amatucci I alleged a Fourth Amendment violation. And, as the court found in Amatucci II, the court's dismissal of Amatucci I resulted in a "final judgment on the merits for claim preclusion purposes." Amatucci II, Mar. 12, 2025 Report and Recommendation ("R&R") (Doc. No. 5) at 4-5, R&R approved Apr. 11, 2025 (Doc. No. 9). As the parties and claims in this suit are identical to those in Amatucci I, the court again, as it did in Amatucci II, recommends dismissal of this action based on res judicata.

**II.    Future Claims**

Should the district judge approve this report and recommendation, it will mark the third dismissal of identical suits based on the 2018 incident at the Carroll County Attorney's office. The repeated filing of claims based on the same incident raises the issue of vexatious litigation.

"Federal courts possess discretionary powers to regulate the conduct of abusive litigants." United States v. Gómez–Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation and internal quotation marks omitted). "[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties," may justify a federal court's issuance of an injunction barring a party from further filing frivolous and vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted). Any "restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). Further, before a filing restriction may be imposed, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Id. at 35. In determining whether a filing restriction is appropriate in this case, the court recognizes "that the use of broad filing restrictions against pro se plaintiffs should be approached with particular caution." Cok, 985 F.2d at 35 (cleaned up).[1]

---

[1] Mrs. Amatucci is currently subject to three filing restrictions in this court. The first was issued by Judge McAuliffe on July 29, 2013, enjoining her "from commencing any further actions in this court arising from a 2003 arrest without prior approval from a judge of this court." July 29, 2013 Order, Amatucci v. Hamilton, No. 13-cv-87-SM (D.N.H.) (Doc. No. 8), at 1-2 ("2013 Filing Restriction"). Judge Laplante later enjoined her from filing any additional suits against certain defendants "arising out of the events of May 7, 2014, the ensuing state prosecution, and/or" a particular "no trespass" order issued against her. February 6, 2018 Report and Recommendation (Doc. No. 77), Amatucci v. Chase, et al., Civ. No. 17-237-JL (D.N.H.), R&R approved (Doc. No. 100) (D.N.H. April 11, 2018) ("2018 filing restriction"). Most recently, in Amatucci v. Town of Wolfeboro, et al., No. 22-319-JL, the court enjoined Mrs. Amatucci from filing further complaints

5

Even in the exercise of "particular caution," Cok, 985 F.2d at 35, Mrs. Amatucci's litigation history, in cases involving this incident and others, persuades the court that it is appropriate to recommend the imposition of a filing restriction related to Mrs. Amatucci's future litigation of claims arising from the 2018 incident at the Caroll County Attorney's office. Specifically, the court recommends that Mrs. Amatucci be enjoined from commencing any pro se actions in this court arising out of the 2018 incident at the Caroll County Attorney's office without prior approval from a judge of this court. The court further recommends that, if this recommendation is approved, this injunction be added to the master miscellaneous file created for Mrs. Amatucci's filings by the 2018 filing restriction. See In re Amatucci Master File, 18-mc-38-JL (D.N.H. opened Feb. 6, 2018). If any of Mrs. Amatucci's future filings violate this – or any other -- injunction, the court will reject the filing and return any filing fee paid. This recommended injunction does not prevent Mrs. Amatucci from pursuing any meritorious claims which have arisen or may arise in the future, and that are appropriately brought in this Court.

Finally, Mrs. Amatucci's right to object to this report and recommendation will give her a full and fair opportunity to address the recommended injunction, and thus constitutes notice. See Cok, 985 F.2d at 35 (observing that adequate notice may be provided by a magistrate judge's report and recommendation, to which a party may object prior to the issuance of an order by the district judge) (citing Pavilonis v. King, 626 F.2d 1075, 1077 (1st Cir. 1980)); 2013 Filing Restriction (Magistrate Judge McCafferty recommended filing restriction with opportunity to object and no additional warning); Gambee v. Wells Fargo Bank, NA, No. CV 18-12657-PBS, 2019 WL

---

related to an incident at the Wolfeboro (N.H.) transfer station. See id., Aug. 24, 2023 Order R&R (Doc. No. 19) ("the 2003 filing restriction").

7565451, at *8 (D. Mass. June 26, 2019), (recommending injunction without additional warning), R&R approved, July 11, 2019 Order (Doc. No. 25).

## CONCLUSION

For the reasons detailed above, the district judge should dismiss this case with prejudice on the basis of res judicata. Further, Mrs. Amatucci should be enjoined from commencing any further actions in this court arising from the 2018 incident at the Carroll County Attorney's office. If this recommendation is adopted, the Clerk's office shall docket a copy of this Order in In re Amatucci Master File, 18-mc-38-JL (D.N.H.), and forward all of Mrs. Amatucci's filings initiating a new case in this court to a judge of this court for review to determine compliance with this Order and the 2013, 2018, and 2023 Filing Restrictions, as fully explained and set forth in this Order.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

/s/ Talesha L. Saint-Marc
Talesha L. Saint-Marc
U.S. Magistrate Judge

May 29, 2025

cc: Josephine Amatucci, pro se